# Douglass, Appellant, v. Universal Auto Sales Corporation.

*Sales—Automobiles—Warranty—Contract of warranty—Misrepresentation—Case for jury.*

In an action of assumpsit for breach of contract of sale of a motor truck, evidence was produced on the part of the plaintiff that the agreement of sale provided that the truck was guaranteed to be in first-class condition; that on delivery it was discovered that it could not be moved backward; that the gasoline tank leaked, and that the transmission was defective.

The plaintiff called these defects to the attention of the defendant and gave notice that unless they were remedied within a certain time that he would rescind the contract. The defendant failed to repair the truck within the time specified and also removed certain parts therefrom, which made it impossible to operate the same. Subsequently plaintiff cancelled the sale and demanded his money.

Under such circumstances, the case was for the jury and it was error to give binding instructions for the defendant. The latter having prevented the return of the truck by removing essential parts, the plaintiff could not be required to tow it to the garage of the defendant in order to protect his right to rescind.

The duty to return or offer to return is an equitable one and "impossible or unreasonable things, which do not tend to accomplish equity in the particular transaction, are not required."

Argued May 1, 1924. Appeal, No. 165, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 1892, on verdict for defendant in the case of Wilbur F. Douglass v. Universal Auto Sales Corporation.

312, (1924).] Assignment of Error—Opinion of the Court.

Before HENDERSON, TREXLER, KELLER, LINN and GAW-THROP, JJ. Reversed.

Assumpsit for breach of contract. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant. Plaintiff appealed.

*Errors assigned* were, among others, various rulings on evidence and in directing a verdict for the defendant.

*Stewart M. Cunningham,* for appellant.

*Edwin B. Goldsmith,* and with him *Frank R. S. Kaplan,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

The written contract for the sale of the truck, which the defendant sold to the plaintiff, contained the words, "this truck is guaranteed to be in first-class condition." There seems to be ample evidence to show that it was not in the condition as guaranteed. The plaintiff paid for it partly in cash and partly by check. He found the truck could not be propelled backward. He called up the defendant and told it that such was the case and that he had stopped payment on his check because the truck was not as represented. The gasoline tank leaked so that all the gasoline ran out and the brakes would not work. The company sent a man who took the tank out of the machine. Upon further complaint, the plaintiff was told to instruct the mechanic at the public garage where the truck was kept to take out the transmission. This showed some other defect. The transmission was fixed but was not put in the car as the rear end was out of condition. The company then took away the rear end, that is the differential, shaft, and sprocket wheels.

These parts remained in the possession of the vendor up to the time of the trial. About November 1st, after repeated demands to have the truck fixed the plaintiff gave notice to the defendant that if the truck was not fixed by December 5th, he would rescind the contract and demand his money back. On December 7th, the executive officer of the defendant company, by telephone, advised plaintiff that the rear end had been repaired, he should come and get it and bring the balance due on the truck or he could not have it. To this plaintiff replied that as the truck had not been put in condition, as guaranteed, by the 5th of December, the contract was rescinded and he wished to have his money back. After further conversation he was asked whether he would accept the rear end, but stated he would not. Thereupon the defendant officer said, "I will send an officer out to get the truck" and the reply was made "that is not necessary, it is at your disposal, it is at the Westinghouse garage, you can do with it as you please, *it is not my truck.*" If this testimony is believed, the officer's assertion that he would send some one to get the truck in connection with other parts of the conversation might bear out the conclusion that defendant agreed to take it back, and of course then plaintiff would be entitled to recover the money. Even if the jury would not take the view that defendant's officer agreed to the rescission of the contract, the question would still be open whether plaintiff had complied with the Sales Act of May 19, 1915, P. L. 543, Section 69. Upon rescission of the sale, the plaintiff's duty was to return the truck or offer to return it to the seller. Under the circumstances of the case, when the defendant had removed the parts of the machine without which it could not be returned on its own power and had retained possesion of them, the direction given by the plaintiff that the machine was in a certain garage where the defendant could get it, might be regarded as a proper tender. The manner in which the duty to return is performed varies with the circumstances. The

defendant by its act prevented the return of the truck by removing part of it, was the plaintiff compelled to hire another vehicle to tow the truck to defendant's place of business? It was said in Sloane v. Shiffer, 156 Pa. 59, 64, that this duty to return or offer to return is wholly an equitable one, "impossible or unreasonable things, which do not tend to accomplish equity in the particular transaction, are not required." We all agree that this was not a case for binding instructions. If the jury believed plaintiff's version of the transaction there was sufficient to support a verdict in his favor.

We place no importance to the refusal of the court to allow an advertisement to be put in evidence in which the defendant described the truck as having been thoroughly over-hauled and guaranteed to be in first-class condition. The written order was for the sale of the truck "as is." The insistence of the plaintiff compelled the insertion of the words, "This truck is guaranteed to be in first-class condition." This was the final agreement to cover everything on the subject of the warranty. If plaintiff's position were that his signature was procured by fraud, his duty was to do nothing in affirmance of the contract but rescind. Both parties recognized the contract and defendant tried to make good his warranty. Plaintiff's opportunity to rescind arose only after failure on the part of defendant to do what it had promised to do.

The judgment is reversed with a venire.